**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00090

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

v.

NETWORK SYSTEMS RESELLERS, LLC, a Colorado limited liability company d/b/a ITLIQUIDATORS.COM,

    Defendant.

---

**COMPLAINT FOR (1) FEDERAL COPYRIGHT INFRINGEMENT; (2) FEDERAL TRADEMARK INFRINGEMENT; (3) FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND FALSE REPRESENTATION; (4) COMMON LAW UNFAIR COMPETITION; (5) IMPOSITION OF A CONSTRUCTIVE TRUST; (6) AN ACCOUNTING; AND INJUNCTIVE RELIEF**

---

Microsoft Corporation ("Microsoft") brings this action against Defendant Network Systems Resellers, LLC, a Colorado limited liability company doing business as ITLiquidators.com ("ITLiquidators" or "Defendant") alleging that Defendant engaged in copyright and trademark infringement, false designation of origin, false description and representation, and unfair competition.  Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendant's illegal profits, and injunctive relief.

## THE PARTIES

1.    Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington.  Microsoft develops, markets, distributes and licenses computer software.

2. Upon information and belief, defendant Network Systems Resellers, LLC, is a Colorado limited liability company doing business as ITLiquidators.com which does business on the Internet and in Littleton, Colorado. ITLiquidators.com is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software and related components, including purported Microsoft software and related components.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement, and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of the State of Colorado pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the wrongful conduct alleged occurred in the District of Colorado and (b) Defendant may be found in the District of Colorado.

## FACTS COMMON TO ALL CLAIMS

6. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on discs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, Certificate of Authenticity labels and other related components.

7. Microsoft Windows Vista: Microsoft has developed, advertises, markets, distributes, and licenses software packages known as Microsoft Windows Vista ("Windows Vista"). Windows Vista is an operating system for desktop and laptop systems. It performs a

number of computer-related operations including, but not limited to, providing support for various applications and allowing remote access to data and applications stored in Windows Vista desktops from network connections. Microsoft holds a valid copyright in Windows Vista (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows Vista, bearing the number TX-6-508-905 is attached hereto as Exhibit 1 and is incorporated by reference.

8. Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A. "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B. "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

C. WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit; and

D. COLORED FLAG DESIGN, Trademark Registration No. 2,744,843, for computer software;

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated by reference.

### Defendant's Wrongful Conduct

9. Defendant advertised, marketed, installed, offered and distributed unauthorized copies of Microsoft software after Microsoft warned Defendant of the consequences of infringing Microsoft's copyrights, trademarks and/or service mark.

10. On information and belief, Defendant advertises that the computers that it sells come pre-installed with Microsoft software. In the advertisements, Defendant misappropriates and/or infringe Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark.

11. The computers sold by Defendant actually have infringing copies of Microsoft software installed.

12. By letter dated May 1, 2012, Microsoft warned Defendant about distributing unauthorized copies of Microsoft software installed on computers and informed Defendant of the consequences of such infringement.

13. Despite the warning, in or about August 2012, Defendant distributed to an investigator computer systems with unauthorized copies of Windows Vista installed.

14. By means including correspondence dated September 5, 2012, Microsoft asked Defendant to cease and desist the unauthorized distribution of Microsoft software on the hard drives of computer systems. Microsoft also informed Defendant that it violates copyright and trademark laws to make and distribute such copies and informed Defendant of the consequences of infringement.

15. Nevertheless, in or about April 2013, Defendant distributed to an investigator computer systems with unauthorized copies of Windows Vista installed.

16. On information and belief, these are not isolated incidents. Rather, Defendant has been and continues to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities.

17. On information and belief, Defendant has committed and is continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a

minimum, Defendant was willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks and service marks.

18.     On information and belief, Microsoft has been harmed by Defendant's advertising activities, including the unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendant is distributing.

### FIRST CLAIM FOR RELIEF
*Copyright Infringement –17 U.S.C. § 501, et seq.*

19.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive.

20.     Microsoft is the sole owner of Microsoft Windows Vista and of the corresponding copyright and Certificate of Registration.

21.     Defendant has infringed the copyrights in Microsoft's software, including but not limited to, Microsoft Windows Vista, by advertising, marketing, installing, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

22.     At a minimum, Defendant acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

23.     As a result of their wrongful conduct, Defendant is liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendant has made as a result of the wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

24.     In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

25. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendant's infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

26. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
*Trademark Infringement—15 U.S.C. § 1114*

27. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 26, inclusive.

28. Defendant's activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to, 15 U.S.C. § 1114(1).

29. Because Microsoft advertises, markets, distributes, and licenses its software and related components, such as Certificate of Authenticity labels, under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software and related components are distinguished from the software and related items of others in the same or related fields.

30. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs and related components, or services of Microsoft.

31.     The infringing materials that Defendant has and is continuing to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

32.     Further, Defendant's activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendant is advertising, marketing, installing, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

33.     Upon information and belief, Defendant advertised, marketed, installed, offered or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

34.     At a minimum, Defendant acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

35.     As a result of the wrongful conduct, Defendant is liable to Microsoft for trademark infringement.  15 U.S.C. § 1114(1).  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendant has made as a result of their wrongful conduct.  15 U.S.C. § 1117(a).

36.     In addition, because of Defendant's infringement of Microsoft's trademarks and service mark as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

37.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, installed, offered or distributed by Defendant pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A).  Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among

41826-5600.0089/LEGAL27838781.1

other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendant's infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

38.   Microsoft is also entitled to recover its attorneys' fees and costs of suit.  15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
*False Designation of Origin, False Description,*
*and Representation of Microsoft Packaging—15 U.S.C. § 1125, et. Seq.*

39.   Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38, inclusive.

40.   Because Microsoft advertises, markets, distributes, and licenses its software and related components, under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software and related components are distinguished from the software and related components or products of others in the same field or related fields.

41.   Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public, to signify software and related components or services of Microsoft.

42.   Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs and related components.

43. Defendant's wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

44. Upon information and belief, Defendant engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, installed, offered or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendant's conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

45. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

46. As a result of Defendant's wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, installed, offered or distributed by Defendant. Microsoft has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendant's advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and the resulting damage to Microsoft, is continuing.

## FOURTH CLAIM FOR RELIEF
*Colorado Common Law Unfair Competition*

47. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 46, inclusive.

48. The acts and conduct of Defendant as alleged above in this complaint constitute unfair competition in Colorado at common law.

49. Defendant's activities are likely to confuse the public into believing that the items being offered or distributed by Defendant are sponsored, approved or authorized by Microsoft in violation of Microsoft's rights under the common law of unfair competition of the State of Colorado.

50. As a result of Defendant's conduct as alleged above, Microsoft has suffered and will continue to suffer losses and damages in an amount to be determined according to proof.

51. Because much of the damage suffered by Microsoft as a result of Defendant's conduct is and will be irreparable, for which Microsoft has no adequate remedy at law, Microsoft is further entitled to injunctive relief.

## FIFTH CLAIM FOR RELIEF
*Imposition Of A Constructive Trust Upon Illegal Proceeds And Profits*

52. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51, inclusive.

53. Defendant's conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

54. By virtue of Defendant's wrongful conduct, Defendant has illegally received money and profits that rightfully belong to Microsoft.

55. Upon information and belief, Defendant holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

56. Defendant holds the money and profits illegally received as a constructive trustee for the benefit of Microsoft.

## SIXTH CLAIM FOR RELIEF
*Accounting*

57. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56, inclusive.

58. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, *et seq.*, to recover any and all profits of Defendant that are attributable to the wrongful conduct.

59. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, *et seq.*, to actual damages or statutory damages sustained by virtue of Defendant's wrongful conduct.

60. The amount of money due from Defendant to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendant of the precise number of units of infringing material advertised, marketed, installed, offered or distributed by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1) That the Court enter a judgment against Defendant as indicated below:

    (a) that Defendant has willfully infringed Microsoft's rights in the following federally registered copyright, in violation of 17 U.S.C. § 501:

        (1) TX-6-508-905 ("Windows Vista");

    (b) that Defendant has willfully infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

    (1) 1,200,236 ("MICROSOFT");

    (2) 1,256,083 ("MICROSOFT");

    (3) 1,872,264 ("WINDOWS"); and

    (4) 2,744,843 (COLORED FLAG DESIGN);

    (c) that Defendant has committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

    (d) that Defendant has violated Colorado common law; and

    (f) that Defendant has otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

  (2) That the Court issue injunctive relief against Defendant, and that Defendant, its directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and restrained from:

    (a) imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, end user license agreements ("EULA"), certificates of authenticity ("COAs") and/or items protected by Copyright Certificate Registration Nos.:

    (1) TX-6-508-905 ("Windows Vista");

or the software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

    (1) 1,200,236 ("MICROSOFT");

     (2)  1,256,083 ("MICROSOFT");

     (3)  1,872,264 ("WINDOWS"); and

     (4)  2,744,843 (COLORED FLAG DESIGN);

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

    (b)  trafficking in counterfeit or illicit labels, as defined by 18 U.S.C. § 2318, and

    (c)  manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

    (d)  using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

    (e)  using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold,

offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

    (f)    engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

    (g)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3)    That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related item, including business records, that is in Defendant's possession or under their control;

(4)    That the Court enter an order declaring that Defendant hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendant to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendant's illegal activities.

(6)    That the Court order Defendant to pay Microsoft's general, special, actual, and statutory damages as follows:

    (a)    Microsoft's damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

    (b)    Microsoft's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark;

- 14 -

41826-5600.0089/LEGAL27838781.1

    (c)  Microsoft's damages and Defendant's profits pursuant to Colorado common law.

  (7)  That the Court order Defendant to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

  (8)  That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated this 13th day of January 2014.

              */s/ Katherine M. Dugdale*
              Katherine M. Dugdale
              Perkins Coie LLP
              1888 Century Park East, Suite 1700
              Los Angeles, CA 90067
              Telephone:  (310) 788-9900
              Facsimile:  (310) 788-3399
              Email:  kdugdale@perkinscoie.com

              Michael A. Sink
              Perkins Coie LLP
              1900 Sixteenth Street, Suite 1400
              Denver, CO  80202
              Telephone:  (303) 291-2300
              Facsimile:  (303) 291-2400
              Email:  msink@perkinscoie.com

              ATTORNEYS FOR PLAINTIFF
              MICROSOFT CORPORATION

Address of Plaintiff:
One Microsoft Way
Redmond, WA 98052